# CIVIL CASE INFORMATION SHEET

**CAUSE NUMBER** *(FOR CLERK USE ONLY):* _____  **COURT** *(FOR CLERK USE ONLY):* _____

**STYLED** Valerie Strickland vs. Buffalo WIld Wings, Inc.
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name: Darren Wolf | Email: Darren@darrenwolf.com | Plaintiff(s)/Petitioner(s): Valerie Strickland | ☒ Attorney for Plaintiff/Petitioner<br>☐ *Pro Se* Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: _____ |
| Address: 1701 N. Market St. Suite 210 | Telephone: 214-346-5355 | | Additional Parties in Child Support Case: |
| City/State/Zip: Dallas, TX 75202 | Fax: 214-346-5909 | Defendant(s)/Respondent(s): Buffalo Wild Wings, Inc. | Custodial Parent: _____<br>Non-Custodial Parent: _____ |
| Signature: /s/ D. Wolf | State Bar No: 24072430 | *[Attach additional page as necessary to list all parties]* | Presumed Father: _____ |

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br>_____<br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract:<br>_____ | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional Liability:<br>_____<br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability List Product:<br>_____<br>☒ Other Injury or Damage: Negligence | ☐ Eminent Domain/ Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br>_____<br><br>**Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus— Pre-indictment<br>☐ Other: _____ | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children<br>_____<br><br>**Other Family Law**<br>☐ Enforce Foreign Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities of Minority<br>☐ Other: _____ | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order<br><br>**Parent-Child Relationship**<br>☐ Adoption/Adoption with Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental Rights<br>☐ Other Parent-Child: _____ |
| **Employment** | **Other Civil** | | | |
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment:<br>_____ | ☐ Administrative Appeal<br>☐ Antitrust/Unfair Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: _____ | | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: _____ |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1)*:

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

**4. Indicate damages sought** *(do not select if it is a family law case)*:
☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100,000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☒ Over $1,000,000

Rev 2/13

Case 3:14-cv-04252-B Document 1-3 Filed 12/03/14 Page 2 of 8 PageID 8

FILED
DALLAS COUNTY
10/17/2014 12:14:33 PM
GARY FITZSIMMONS
DISTRICT CLERK
Freeney Anita

DC-14-12219

NO. _____

| | | |
|---|---|---|
| **VALERIE STRICKLAND** § | | **IN THE DISTRICT COURT** |
| **Plaintiff,** § | | |
| § | | |
| § | | |
| **V.** § | | _____**JUDICIAL DISTRICT** |
| § | | |
| **BUFFALO WILD WINGS, INC.** § | | |
| **Defendant.** § | | |
| § | | |
| § | | **DALLAS COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

    **NOW COMES** Valerie Strickland ("Plaintiff"), Plaintiff, complaining of and about Buffalo Wild Wing, Inc. Defendant, and for causes of action shows unto the Court the following:

### I.     DISCOVERY CONTROL PLAN LEVEL

1.     Pursuant to Rule 190.1 of the Texas Rules of Civil Procedure, discovery is intended to be conducted under Level 2 of Rule 190. As required by Rule 47 (b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this court. As required by Rule 47 (c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief in a sum greater than $1,000,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks prejudgment and post judgment interest at the highest legal rate.

### II.     PARTIES AND SERVICE

2.     Plaintiff is an individual and Texas resident.

3.     Defendant Buffalo Wild Wings, Inc. ("Buffalo Wild Wings") is a Minnesota corporation

with its corporate headquarters located at 5500 Wayzata Blvd. Suite 1600, Minneapolis, Minnesota 55416. Buffalo Wild Wings does business in Texas, but does not maintain a registered agent in Texas. As such, Buffalo Wild Wings may be served through the Texas Secretary of State at 1019 Brazos Street, Austin, Texas 78701.

### III.  JURISDICTION AND VENUE

4. Pursuant to Rule 47(b) of the Texas Rules of Civil Procedure, damages are within the jurisdictional limits of this court.

5. Pursuant to Texas Civil Practices and Remedies Code § 15.002, venue is proper in Dallas County, Texas. The events giving rise to this claim occurred in Dallas County, Texas.

### IV.  FACTUAL BACKGROUND

6. Buffalo Wild Wings owns and operates a restaurant located at 1200 Market Place, Irving, Texas 75063 ("Restaurant")

7. On or about August 15, 2014, Plaintiff was leaving the Restaurant, when a man violently grabbed her by the face and throat, forced her into her vehicle, held a gun to her head, and demanded the keys to her car.

8. In fear for her life, Plaintiff began screaming and fought to escape her attacker. After a violent and lengthy struggle for her life, Plaintiff was able to escape the violent assault.

9. Upon information and believe, the assailant was wearing a Buffalo Wild Wings employee jersey or similar jersey and may be a Buffalo Wild Wings employee.

### V.   ASSUMED CONTROL, NEGLIGENCE, AND CREATION OF A DANGEROUS CONDITION

10. Defendant owns and operates the Restaurant. At all times, full and complete control over the security cameras and decisions as to security surrounding the Restaurant and all security devices, including but not limited to their repair, maintenance and modification, were under the auspices and complete and direct control of Defendant. Furthermore, at all times material to this case, full and complete control of the lighting in the common areas, including but not limited to the parking lot, where Plaintiff was attacked and held at gunpoint, was under the complete and direct control of Defendant.

11. Defendant knew or had reason to know that the Restaurant was unsafe and created a dangerous environment for Plaintiff. Defendant negligently refused or failed to provide proper and adequate security for the Restaurant. Defendant negligently refused or failed to warn the patrons of the Restaurant of known dangers on and around the Restaurant, operated and controlled by Defendants.

12. The negligence of Defendant includes, but is not limited to:

   a. failure to provide a safe premises for Restaurant patrons;

   b. failure to provide reasonable and/or adequate security measures or services;

   c. failure to warn of known criminal activity on and around the property in question;

   d. failure to provide sufficient common area lighting and working surveillance equipment;

   e. failure to maintain the Restaurant in a safe, proper, and secure manner, including, but not limited to, the failure to remove, eliminate or abate dangerous conditions

>present, the failure to provide adequate security, the failure to properly train, supervise and control their employees.

13. This conduct, as set out hereinabove, also constitutes a breach of the duties owed by Defendant under Section 343 of the Restatement (Second) of Torts (1965).

14. Each of these acts and omissions was a proximate cause of the incident in question and Plaintiffs' resulting injuries.

15. Pleading further, the evidence at the time of trial will establish that Defendant were the ones who created the dangerous situation in question, including but not limited to, the lack of operating security cameras, and the lack of sufficient operational lighting in the common areas, including but not limited to the parking lot where Plaintiff was attacked. Under the Texas Supreme Court cases of *Science Spectrum v. Martinez*, 941 S.W.2d 910 (Tex. 1997), and *Lefmark Properties v. Old*, 946 S.W.2d 52 (Tex. 1997), the defendants, by having some part in creating the dangerous conditions, assumed control over and, thus, responsibility for those dangerous conditions.

### VI.     NEGLIGENCE UNDER RESTATEMENT (SECOND) OF TORTS SECTION 344

16. Prior to the incident in question, Defendant knew that numerous criminal acts were occurring on and around the property in question. However, instead of properly warning Plaintiff and other patrons, or providing a reasonable response in terms of increased security, Defendant chose to remain silent regarding the type, amount and prevalence of criminal activity on and around the property. Defendant, in their silence, violated Restatement (Second) of Torts, Section 344 (1965).

### V.     NEGLIGENCE UNDER RESTATEMENT (SECOND) OF TORTS SECTION 323

17.     Further, and without waiving any of the above and foregoing, Defendant was negligent in the provision of adequate security services at the Restaurant. Defendant, in providing security services recognized as necessary for the protection of restaurant patrons such as Plaintiff, are liable to Plaintiff for the physical harm resulting from its failure to exercise reasonable care in the undertaking and provision of such security services.  The resulting harm to Plaintiff was suffered as a direct and proximate result of reliance upon Defendant's undertaking and provision of security services.  Defendant, in it undertaking of the provision of security services necessary for the protection of the patrons subjected itself to liability under the Restatement (Second) of Torts, Section 323 (1965).  Since the failure to exercise due care in the provision and maintenance of the security on the property caused harm to Plaintiff because of her reliance upon this undertaking, Defendant is liable under Section 323.

### VI.   NEGLIGENT HIRING, SUPERVISION, TRAINING, AND RETENTION

18.     Pleading further, and in the alternative, Defendant owed Plaintiff a legal duty to hire, supervise, train, and/or retain competent employees.

19.     Defendant breached the duty owed to Plaintiff by hiring and retaining the employee that assaulted Plaintiff.  Defendant knew or should have known that their employee was not qualified for his job and/or had a history of violence and/or criminal acts.  Further, Defendant breached its duty to Plaintiff by taking no action to remove their employee from his position and/or train him properly for his position.

20.     As a result of the foregoing acts and omissions, Plaintiff suffered bodily injury, pain, severe mental injury, and loss of wages and earning capacity.

21.      The negligent acts and omissions committed by Defendant are a proximate cause of the

injuries sustained by Plaintiff.

## VII.   DAMAGES

22.     As a proximate result of the negligence and negligence per se as above described, Plaintiff sustained personal injuries, all of which have cause in the past and in the future physical pain, mental anguish, lost wages and loss of earning capacity, physical impairment, and medical and hospital expenses, all of which Plaintiff should be compensated in accordance with the laws of the State of Texas.

## VIII.   EXEMPLARY DAMAGES

23.     Exemplary damages should be awarded against Defendants because the harm with respect to which the Plaintiff seeks recovery of exemplary damages resulted from gross negligence (which means that one or all Defendants' acts and/or omissions (i) when viewed objectively from Defendants' standpoint at the time of the acts and/ or omissions involved an extreme degree of risk, considering the probability and magnitude of potential harm to others and (ii) were such that Defendants had an actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others).

## IX.   REQUEST FOR DISCLOSURE

24.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or materials described in Rule 194.2.

## X.   JURY DEMAND

25.     Plaintiff hereby demands a trial by jury on all issues presented in this action pursuant to Rule 216 of the Texas Rules of Civil Procedure.

## XI.  RULE 193.7 NOTICE

26.   Plaintiff, in accordance with Rule 193.7 of the Texas Rules of Civil Procedure, files Plaintiff's Notice of Intention to Use Production Documents at Trial.  Plaintiff hereby gives notice that she intends to use at trial, or any pre-trial proceedings, all documents produced by Defendant in response to discovery from any and all parties in this cause.

## XII.  PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendant be cited to appear and answer herein, and upon that final hearing hereof, Plaintiff does have and recover Judgment from the Defendant for all damages above set forth, costs of Court, pre-judgment interest at the legal rate of interest as allowed by law, interest on the Judgment at the legal rate of interest from date of Judgment until same is paid, and for such other and further relief, special and general, to which Plaintiff be entitled, whether at law or in equity.

Respectfully submitted,

By: _____
Darren Wolf
Texas Bar No. 24072430
darren@darrenwolf.com
Christianne Edlund
Texas Bar No. 24072430
christianne@darrenwolf.com
Law Office of Darren Wolf, P.C.
1701 N. Market Street, Suite 210
Dallas, Texas  75202
Phone (214) 346-5355
Fax. (214) 346-5909
*Attorneys for Plaintiff*

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**