UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VALERIE STRICKLAND, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-4252-B |
| | § | |
| BUFFALO WILD WINGS, INC., et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Buffalo Wild Wings, Inc.'s Partially Opposed Motion for Leave to Designate Responsible Third Parties (doc. 11), filed on May 18, 2015. Defendant seeks leave to designate John Doe (an unidentified criminal assailant) and Executive Safe and Security Corporation as responsible third parties in this matter. For the reasons stated below, Defendant's Motion is **GRANTED**.

### I.

### BACKGROUND

This case arises from an assault that occurred on August 15, 2014 in the parking lot of a Buffalo Wild Wings restaurant (the "Restaurant") located in Irving, Texas. Docs. 1-3, Orig. Pet. ¶¶ 6–7; 16, Am. Compl. ¶¶ 6–7. Plaintiff Valerie Strickland alleges that she was assaulted by an unidentified person as she was leaving the Restaurant and walking toward her vehicle in the Restaurant's parking lot.[1] Orig. Pet. ¶¶ 7–8; Am. Compl. ¶¶ 7–8. On October 17, 2014, Plaintiff filed her Original Petition in state court against Defendant Buffalo Wild Wings, Inc. for negligence due

---

[1] Specifically, Plaintiff alleges that "a man violently grabbed her by the face and throat, forced her into her vehicle, held a gun to her head, and demanded the keys to her car." Orig. Pet. ¶ 7; Am. Compl. ¶ 7.

to its: (1) failure to provide safe premises for Restaurant patrons; (2) failure to provide reasonable security measures or services; (3) failure to warn of known criminal activity on and around the property in question; (4) failure to provide sufficient common area lighting and surveillance equipment; and (5) failure to maintain the safety of the Restaurant and remove dangerous conditions. Orig. Pet. ¶ 12; *see also* Am. Compl. ¶ 12. In addition, Plaintiff asserts that Defendant was negligent in hiring, supervising, training, and retaining its employees. Orig. Pet. ¶¶ 18–21; *see also* Am. Compl. ¶¶ 18–21.

On December 3, 2014, Defendant removed this action to this Court. Doc. 1, Notice of Removal. On May 18, 2015, Defendant filed the present Motion for Leave to Designate Responsible Third Parties. Doc. 11. Specifically, Defendant seeks leave to designate John Doe (an unidentified criminal assailant) and Executive Safe and Security Corporation as responsible third parties in this matter. *Id.* at 1. The Motion's Certificate of Conference indicates that, while Plaintiff opposes the designation of the unknown assailant as a responsible third party, she is unopposed to such a designation as to Executive Safe and Security Corporation. Plaintiff has not filed a response to the Motion.[2] As such, it is ripe for the Court's review.

## II.

## ANALYSIS

Under Chapter 33 of the Texas Civil Practice and Remedies Code, a defendant who is sued in tort or under the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") may reduce his liability by a percentage of responsibility attributed to a responsible third party. Tex. Civ.

---

[2] Following the filing of this Motion, Plaintiff obtained leave of court to amend her complaint. Docs. 14, 15. Her First Amended Complaint, filed on May 22, 2015, adds negligence claims against Executive Safe and Security Corporation, d/b/a Amphion. Doc. 16.

Prac. & Rem. Code § 33.002. "This applies exclusively to actions based in tort or brought under the DTPA, so a defendant cannot designate a responsible third party with respect to a *contract* claim against him." *Nels Cary, Inc. v. Day*, No. 3:07-CV-0832-D, 2008 WL 631242, at *1 (N.D. Tex. Feb. 29, 2008)(emphasis in original); Tex. Civ. Prac. & Rem. Code § 33.002; *see, e.g, In re Kyocera Wireless Corp.*, 162 S.W.3d 758, 769 (Tex. App.—El Paso, orig. proceeding).

To designate a person as a responsible third party, a defendant must first file a motion for leave. Tex. Civ. Prac. & Rem. Code § 33.004(a). Once a defendant has moved for leave, a plaintiff may object "on or before the 15th day after the date the motion is served." *Id.* § 33.004(f). Thereafter, the court

> shall grant leave to designate the person as a responsible third party unless the objecting party establishes (1) the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure; and (2) after having been granted leave to replead, the defendant failed to plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements of the Texas Rules of Civil Procedure.

*Id.* § 33.004(g). "After adequate time for discovery, a party may move to strike the designation of a responsible third party on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage." *Id.* § 33.004(l).

Defendant filed its Motion for Leave to Designate Responsible Third Parties on May 18, 2015. A copy of the Motion was served on Plaintiff that same day via the Court's ECF System. Doc. 11, Def's Mot., Cert. of Serv; L.R. 5.1(d). The Motion's Certificate of Conference indicates that, while Plaintiff opposes the designation of the unknown assailant as a responsible third party, she is unopposed to such a designation as to Executive Safe and Security Corporation. However, Plaintiff has not filed an objection to the Motion.

Due to the fact that Plaintiff does not oppose the designation of Executive Safe and Security Corporation as a responsible third party in this matter, and due to Plaintiff's failure to file a timely objection to the designation of the unknown assailant, the Court **GRANTS** Defendant's Motion pursuant to section 33.004(f). *See* Tex. Civ. Prac. & Rem. Code § 33.004(f) ("A court shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served."); *see, e.g., Constante v. General Motors, LLC*, No. SA-12-CV-757-XR, 2013 WL 1729722, at *1 (W.D. Tex. Apr. 22, 2013) ("Since no objections were filed within 15 days of the motion being filed and electronically served on Plaintiff's counsel, the Court must grant the motion pursuant to section 33.004(f)."); *Liberty Ins. Corp. v. Caterpillar, Inc.*, No. SA-13-CV-83-XR, 2013 WL 3166616, at *2 (W.D. Tex. June 20, 2013). Moreover, Defendant's answer offers sufficient details regarding the assailant and the assault he allegedly committed, which resulted in Plaintiff's injuries.[3] *See* doc. 3, Def.'s Am. Answer ¶ 31. Thus, Defendant has satisfied the requirements of Texas Civil Practice and Remedies Code § 33.004(j) regarding the designation of an unknown criminal assailant as a responsible third party, as it has "pleaded facts sufficient for the court to determine that there is a reasonable probability that the act of the unknown person was criminal" and "has stated in the

---

[3] In its Amended Answer, Defendant Buffalo Wild Wings, Inc. states the following:

> Plaintiff has alleged she was the victim of a criminal assault by an unknown third party assailant. The identity of said third-party assailant is not known to Defendant, and said assailant has not been identified by Plaintiff, or any witness known to Defendant, in sufficient detail to locate said third-party, or otherwise positively identified him/her. On information and belief, Defendant alleges that said third-party has been identified by Plaintiff as being an unknown male, possibly African-American, and possibly wearing some sort of sports jersey, or a Buffalo Wild Wings employee jersey. Said unknown criminal assailant is a responsible third-party under the Tex. Civ. Prac. & Rem. Code § 33.004, and pursuant to § 33.004(j) said third-party shall be denominated "John Doe."

Doc. 3, Def.'s Am. Answer ¶ 31; *see also* doc. 17, Def.'s Am. Answer ¶ 31.

answer all identifying characteristics of the unknown person, known at the time of the answer" with sufficient specificity to satisfy pleading requirements. Tex. Civ. Prac. & Rem. Code § 33.004(j).

Because Plaintiff has only alleged tort claims against Defendant, the Court **GRANTS** Defendant Buffalo Wild Wings, Inc. **LEAVE** to designate John Doe (an unidentified criminal assailant) and Executive Safe and Security Corporation as responsible third parties in this matter.

**SO ORDERED.**

**SIGNED: July 14, 2015**.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE